OPINION
Defendant-appellant, Donald L. Vandemark, appeals from the judgment of the Van Wert County Court of Common Pleas which ordered him to pay plaintiff-appellee, Mary E. Vandemark, one-half of the net farm income as agreed by the parties.
On January 26, 1999, the trial court granted the parties a divorce. The judgment entry incorporated the terms of the settlement agreement entered into by the parties, and stated in part that: (1) the parties shall "equally divide all the 1998 farm income * * *" and (2) Donald would pay $100 per month in spousal support to Mary which would terminate upon her remarriage or the death of either party for a total period of ten and three-quarters years.
On March 12, 1999, Mary filed a motion seeking a contempt of court order for, among other things, Donald's failure to pay one-half of the net farm income for 1998. On July 29, 1999, the magistrate for the common pleas court held a hearing on Mary's motion. Following the hearing and the filing of the parties' briefs setting forth written arguments as to their respective positions, the magistrate determined that there was no mention in the January 26, 1999 entry as to any obligation to pay or give credit for any payments made for Mary's household expenses by Donald during the pendency of the action. The magistrate further determined that Donald should not be given credit for any such payments in light of the clarity of the language regarding the division of the 1998 farm income. No objections were filed with the trial court. In its judgment entry subsequently filed November 12, 1999, the trial court adopted the magistrate's recommendation in that it ordered Donald to pay Mary one-half of the net farm income as agreed in the amount of $24,066. Donald now appeals from the trial court's judgment and raises the following assignment of error:
 The judgment ruling that the farm income had not been divided according to the divorce decree does not manifest the original intent of the parties and is contrary to Ohio law regarding such a division.
 Donald argues that the trial court did not equitably divide the marital property because the court incorrectly required him to pay Mary one-half of the 1998 farm income without crediting him for $17,907.11 that he had expended during that year for her welfare and support. Donald argues that the court's decision does not reflect the intent of the parties of an equal division of the marital property.
The substance of Donald's argument cites as error the magistrate's interpretation of the terms of the parties' separation agreement as incorporated into the January 26, 1999 judgment entry and the magistrate's failure to account for his alleged payments. However, Donald failed to object to the magistrate's findings and recommendations. Thus, he waived any claimed error in the magistrate's decision. See Civ.R. 53(E)(3)(b).
In any event, we find no error on the part of the trial court in ordering Donald to pay Mary one-half of the net farm income for 1998 by the terms of the separation agreement. Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous writing, duly signed by them, courts will give effect to the parties' expressed intentions.Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53. However, intentions not expressed in the writing are deemed to have no existence and may not be shown by parole evidence. Id. There was no mention in the agreement incorporated into the judgment entry that the alleged payments for Mary's welfare and support were intended to be in compliance with the obligation to divide the 1998 farm income. Further, the language contained in the agreement itself indicated that both parties contemplated the division of the 1998 farm income at the time the entry was signed by the parties.
Accordingly, Donald's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and BRYANT, J., concur.